Sophia M. Rios (SBN 305801)
**BERGER MONTAGUE PC**
8241 La Mesa Blvd., Suite A
La Mesa, CA 91942
Tel: (619) 489-0300
Email: srios@bergermontague.com

Ivy L. Marsnik, MN Bar No. 0403177*
**BERGER MONTAGUE PC**
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
Tel: (612) 404-1064
Fax: (612) 584-4470
Email: imarsnik@bergermontague.com
*Admitted Pro Hac Vice*

*Counsel for Plaintiff*
*John Mark Embry*

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| JOHN MARK EMBRY,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., and INFORMATIVE RESEARCH, INC.,<br><br>Defendants. | Case No.  8:25-cv-02322-JWH-DFM<br><br>Hon. John W. Holcomb<br><br>Mag. Douglas F. McCormick<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint filed:  October 14, 2025 |

IT IS HEREBY STIPULATED by and between Plaintiff John Mark Embry ("Plaintiff"), Defendant Experian Information Solutions, Inc. ("Experian") and Defendant Informative Research, Inc., through their respective attorneys of record, as follows:

GOOD CAUSE STATEMENT

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendants, and/or personal income, credit and other confidential information of Plaintiff.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2. Any party or non-party producing or filing documents or other materials in this action (the "Producing Party") may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record. Any party filing any document under seal must comply with the requirements of Civil Local Rule 79-5.

STIPULATED PROTECTIVE ORDER
Case No. 8:25-cv-02322-JWH-DFM

4.    All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" hereunder), shall not be used, directly or indirectly, by any person, including the other Defendants, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation for and trial of this action in accordance with the provisions of this Order.

5.    Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the Producing Party in connection with their depositions in this action, and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

6.    Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 5(f) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached "Declaration of Compliance" (Exhibit A).

- 3 -

7.      All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature.  All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto.  No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

8.      Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential."

9.      This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action.  Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

10.     Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party. Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court; transcripts of depositions, trial, or hearings; deposition and trial exhibits; attorney work product; and expert reports, even if such materials contain confidential material.

11.     In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the

STIPULATED PROTECTIVE ORDER
Case No.  8:25-cv-02322-JWH-DFM

parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" subject to the provisions of this Protective Order.

12.    The inadvertent failure to designate any information or documents containing information as Confidential Information or Confidential Attorney Eyes Only Information will not be deemed to waive a later claim that such information is Confidential Information or Confidential Attorney Eyes Only Information or to stop the Producing Party from designating such information as Confidential Information or Confidential Attorney Eyes Only Information at a later date in writing and with particularity. The information must be treated by the Receiving Party as Confidential Information or Confidential Attorney Eyes Only Information from the time the Receiving Party is notified in writing of the change in the designation. Within three (3) days of receiving a written request to do so from the Producing Party, the Receiving Party shall return to the Producing Party or destroy, and certify in writing such destruction, any documents or tangible items that the Producing Party represents were inadvertently or mistakenly produced without the Confidential Information or Confidential Attorney Eyes Only Information designation. The Receiving Party shall also destroy all copies of any such inadvertently or mistakenly undesignated information. At the same time this request is made, the Producing Party must reproduce to the Receiving Party the mistakenly undesignated information with the proper Confidential Information or Confidential Attorney Eyes Only Information designation.

13.    Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed

- 5 -

independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

14.   The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  January 22, 2026                    BERGER MONTAGUE PC


By: /s/ Ivy L. Marsnik
Ivy L. Marsnik

Attorneys for Plaintiff
JOHN MARK EMBRY


Dated:  January 22, 2026                    JONES DAY


By: /s/ Angela M. Taylor
Angela M. Taylor

Attorneys for Defendant
EXPERIAN INFORMATION
SOLUTIONS, INC.


Dated:  January 22, 2026                    GREENBERG TRAURIG, LLP


By: /s/ Layal L. Bishara
Layal L. Bishara

Attorneys for Defendant
INFORMATIVE RESEARCH, INC.

IT IS SO ORDERED,

Dated: January 23, 2026

Douglas F. McCormick
United States Magistrate Judge

- 6 -

# EXHIBIT A

## DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective Order entered in this action on _____, 20___.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this _____ day of _____, 20__, at _____.


_____
QUALIFIED PERSON

STIPULATED PROTECTIVE ORDER
Case No.  8:25-cv-02322-JWH-DFM